

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAWSAN T. SAKALLAH | CIVIL ACTION |
| VERSUS | NO. 05-5492 |
| HARAHAN LIVING CENTER, INC. DBA ST. JOSEPH NURSING AND REHABILITATION CENTER, DAVID ROTOLO, BOBBY ROTOLO AND HARRY FRANATOVICH | SECTION "C" |

The Defendant, Harry Franatovich, filed a Motion to Dismiss pursuant to FRCP 12(b)(5) and Rule 4(m). Oral argument was not entertained by the Court. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### ORDER AND REASONS

**I.   Background**

This action commenced on November 10, 2005 when Plaintiff filed a complaint against Harahan Living Center, Inc., David Rotolo, Bobby Rotolo and Harry Franatovich as a result of harrassment and other torts committed by the defendants at her place of employment. All defendants except for Harry Franatovich were initially served. Franatovich lived in Chalmette, Louisiana as of August 2005 before Hurricane Katrina destroyed his home. In the fall of 2005,

Franatovich purchased a motor home and traveled around the country. In May 2006, Franatovich drove his motor home to Corpus Christi to visit his daughter. During this visit he parked his motor home at the Colonial Del Rey RV Campground in Corpus Christi and continued to reside in his motor home. On the evening of May 24, 2005, Franatovich was visiting with his daughter at her home. Around 8:30 p.m., process server Berta Allen knocked on the front door and Franatovich's 22-year-old granddaughter answered. She was served with the Summons and Complaint. Berta Allen stated in her affidavit that she asked for Franatovich and he came to the entry hall while his granddaughter was there, but would not take the documents. Ms. Allen stated that she told Franatovich that he had been served, and then another person in the hallway (his granddaughter) took the documents.

## II.     Law and Analysis of the Court

### A. Sufficiency of Service:

Federal Rule of Civil Procedure: Rule 4(e)(2) states:

> "(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

Defendant claims that he was not sufficiently served under either method in Rule 4(e)(2). He claims that he was not personally served because the Summons and Complaint were given to his granddaughter and not to him, thereby asserting that the first method in 4(e)(2) was not properly utilized. He then claims that since he was not

at his place of residence, the second method in 4(e)(2) was not satisfied.

The Court finds, however, that personal service was made. Service of process is mandated to inform a defendant that there has been an action filed against him. The process server in this case, Ms. Allen, stated that the defendant was present and refused to accept the documents. She told him that he had been served and handed the Summons and Complaint to another person (his granddaughter). Even if the defendant disputes that he was actually at the door to be served, there is relevant law which states that he was still personally served:

> "The service of process is not a game of hide and seek. Where service is repeatedly effected in accordance with the applicable rules of civil procedure and **in a manner reasonably calculated to notify the defendant of the institution of an action against him**, the defendant cannot claim that the court has no authority to act when he has willfully evaded the service of process." Ali v. Mid-Atlantic Settlement Services, Inc., 233 F.R.D. 32, *36 (D.D.C.,2006).

In this case, even if the defendant was not at the door, he was either still in the house or returning shortly, and was therefore in close enough proximity that he would reasonably be calculated to know of the action against him. Therefore, the plaintiff has satisfied sufficient service of process under 4(e)(2).

Plaintiff further contends that in order for the close proximity exception to apply, a process server must identify herself as a process server and must state the nature of the papers. He relies on 4A Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure § 1095, at 516-17 (3d ed. 2002) and quotes the relevant text,

> "If the defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it is usually sufficient...simply to leave them in the defendant's proximity."

The noted pages state nothing about a process server having to identify herself. Also, "nature of the papers" is not defined narrowly. In this case Ms. Allen stated in her affidavit that she told the defendant, "you have been served." Further, Mr. Franatovich states in his own affidavit that Ms. Allen stated, "you have been served." Therefore, the nature of the papers were given to the defendant. Mr. Franatovich was in close enough proximity and was notified about the nature of the papers. Personal service of process was therefore effectuated under 4(e)(2).

## B. Timeliness of Service:

Federal Rules of Civil Procedure: Rule 4(m) states:

> (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; **provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.** This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

The defendant claims that the plaintiff has not shown good cause to compensate for the expiration of the time limit, which occurs 120 days after filing suit. However, the Court has ruled on this issue. Judge Roby previously extended the deadline for service (Rec. Doc #21). She found that because the defendant had left the state and was difficult to locate, there was good cause for an extension. The defendant argues that the judge erred in this decision and states that

because service was defective under 4(e)(2), it cannot toll the 120 day period. To support its argument, the defendant cites Traina v. U.S., 911 F.2d 1155, 1157 (5th Cir. 1990). In Traina, the plaintiff relied on the assurance of a government agent that the government, as a defendant, had been served when if fact it had not. The Court found that this did not establish good cause. The defendant argues that because service was defective in this case, no extension could be granted. The Court finds this argument unfounded.

The Court enjoys discretion under Rule 4(m) to extend the time for service. Thompson v. Brown, 91 F.3d. 20, 21 (5th Cir. 1996). This Court exercised that discretion and extended plaintiff's deadline for service. Therefore, this Court finds that personal service was effectuated and such service was timely.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss filed on behalf of the defendant, Harry Franatovich is DENIED.

New Orleans, Louisiana, this 1st day of August, 2006.

HELEN G. BERRIGAN
**UNITED STATES DISTRICT JUDGE**